UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT F. BURY,

                Plaintiff,

      v.

NCS POWER, INC., et al.,

                Defendants.

CASE NO. C12-5641 BHS

ORDER GRANTING IN PART
AND DENYING IN PART
DEFENDANTS' MOTIONS TO
DISMISS AND GRANTING
PLAINTIFF LEAVE TO AMEND

       This matter comes before the Court on Defendants Douglas and Joyce Chandler's

("Chandlers") motion to dismiss (Dkt. 25), Defendant Leanne Erdelbrock's

("Erdelbrock") motion to dismiss (Dkt. 37), and Defendant Lumeria Research, Inc.'s

("Lumeria") motion to dismiss (Dkt. 43). The Court has considered the pleadings filed in

support of and in opposition to the motions and the remainder of the file and hereby

grants in part and denies in part the motions for the reasons stated herein.

## I. PROCEDURAL HISTORY

       On July 19, 2012, Plaintiff Robert Bury ("Bury") filed a complaint against

numerous defendants.  Dkt. 1.  On August 24, 2012, Bury filed an amended complaint

1   ("FAC") after numerous defendants filed motions to dismiss his original complaint.  Dkt.

2   19.  In the amended complaint, Bury asserts breach of contract, violation of RCW

3   49.52.070, successor liability/alter ego, and unjust enrichment/quantum meruit.  *Id.*

4          On August 31, 2012, the Chandlers filed a motion to dismiss.  Dkt. 25.  On

5   September 11, 2012, Bury responded.  Dkt. 29.  On September 28, 2012, the Chandlers

6   replied.  Dkt. 45.

7          On September 20, 2012, Erdelbrock filed a motion to dismiss.  Dkt. 37.  On

8   October 8, 2012, Bury responded.  Dkt. 46.

9          On September 24, 2012, Lumeria filed a motion to dismiss.  Dkt. 43.  On October

10  8, 2012, Bury responded.  Dkt. 47.

11                          **II. FACTUAL BACKGROUND**

12         On June 1, 2011, Bury signed an Employment Agreement ("Agreement") to be

13  NCS Power, Inc.'s ("NCS") CEO with an annual compensation of $200,000.  FAC, ¶ 8.

14  Lance Chandler was the majority shareholder of NCS.  *Id*., ¶ 3.  Doug Chandler was

15  Chairman of the Board of Directors of NCS.  *Id*., ¶ 25.  Bury alleges that he worked for

16  NCS for over a year and that NCS did not pay him any wages.  *Id*. ¶ 11.  Bury also

17  alleges that Lance and Douglas Chandler wrongfully diverted NCS's funds to other

18  corporations in which they were officers.  *Id*. ¶¶ 22–40.

19                               **III. DISCUSSION**

20  **A.     Standard**

21         Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil

22  Procedure may be based on either the lack of a cognizable legal theory or the absence of

1  sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*,

2  901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the

3  complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301

4  (9th Cir. 1983).  To survive a motion to dismiss, the complaint does not require detailed

5  factual allegations but must provide the grounds for entitlement to relief and not merely a

6  "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v.*

7  *Twombly,* 127 S. Ct. 1955, 1965 (2007).  Plaintiffs must allege "enough facts to state a

8  claim to relief that is plausible on its face." *Id.* at 1974.

9       In the event the court finds that dismissal is warranted, the court should grant the

10  plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v.*

11  *Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

12  **B.     Mrs. Chandler and Erdelbrock**

13       Mrs. Chandler and Erdelbrock move to dismiss Bury's claims against them

14  because their only involvement is this matter is their marriages to the alleged wrongdoers.

15  Bury fails to cite any legal authority for the proposition that an individual's spouse is

16  personally liable for the alleged wrongs of the individual.  Moreover, no amendment can

17  cure the lack of a cognizable claim against Mrs. Chandler or Erdelbrock.  Therefore, the

18  Court grants Mrs. Chandlers (Dkt. 25) and Erdelbrock's (Dkt. 37) motions to dismiss and

19  dismisses Bury's claims with prejudice.

20  **C.     Marital Community**

21       In Washington, the community is liable for the tort of a member spouse where

22  "'the act constituting the wrong either (1) results or is intended to result in a benefit to the

1    community or (2) is committed in the prosecution of the business of the community.'"

2    *Clayton v. Wilson*, 168 Wn.2d 57, 63 (2010) (quoting *LaFramboise v. Schmidt*, 42 Wn.2d

3    198, 200 (1953)).

4         In this case, Bury has alleged a basis for individual liability against Douglas

5    Chandler and the estate of Lance Chandler.  FAC, ¶¶ 22–40.  Although Erdelbrock argues

6    that Bury has failed to allege that Lance Chandler had check writing authority at NCS,

7    Bury alleges that "Lance Chandler advised the employees, at one time, that he had

8    procured a party to purchase $2,000,000 of stock shares of NCS and he would pay all

9    delinquent wages from the sales funds."  *Id*. ¶ 28.  Bury has also alleged that Douglas and

10   Lance Chandler's wrongful acts were committed with the intent to benefit their respective

11   marital communities.  *Id*. ¶¶ 3–4.  Therefore, Bury has alleged sufficient facts to state a

12   claim for relief and the Court denies the motions to dismiss the marital communities.

13 **D.      Successor Liability**

14         Bury asserts a claim against Lumeria under the title "Successor/Alter Ego

15   Liability."  FAC at 8 ("Third Claim for Relief").  Bury explicitly states that Defendant

16   Allyn Group was an alter ego of NCS (FAC, ¶ 44) and that Lumeria was a successor in

17   interest to NCS (FAC, ¶ 46).  To the extent that Bury asserts a claim that Lumeria is an

18   alter ego, Bury has failed to explicitly allege this theory.  Moreover, the alter ego theory

19   is cognizable only between a corporation and its shareholders, not a corporation and a

20   corporation.  *Morgan v. Burks*, 93 Wn.2d 580, 585 (1980).  Therefore, the Court grants

21   Lumeria's motion on this issue and dismisses Bury's alter ego claim with prejudice.

22

1    With regard to successor liability, Bury asserts two theories for successor liability:

2  continuation of ownership and a fraudulent effort to avoid liabilities.  Dkt. 47 at 6–7.

3  Reading the complaint in the light most favorable to Bury, he has alleged sufficient facts

4  to state a claim under either theory.  Therefore, the Court denies Lumeria's motion to

5  dismiss this cause of action.

6  **E.     Unjust Enrichment and Quantum Meruit**

7    Unjust enrichment and quantum meruit are based on the notion of implied

8  contracts.  *See Young v. Young*, 164 Wn.2d 477, 483–487 (2008).  In this case, Bury

9  claim is based on the Agreement, an actual contract not an implied contract.  Therefore,

10  the Court grants the motions to dismiss this claim.

11    The Court dismisses with prejudice Bury's claim against the Chandlers and

12  Erdelbrock because any amendment would be futile.

13    The Court, however, is unable to find that any amendment would be futile against

14  NCS and Lumeria because Bury alleges that he worked for NCS for seven day after the

15  Agreement expired.  Therefore, the Court grants Bury leave to amend this claim.

16  **F.     Motion to Strike**

17    Bury references a prior state court action against NCS for unpaid wages.  FAC, ¶

18  39.  The Chandlers move to strike this paragraph 39 because it is an immaterial matter.

19  The Court agrees.  Therefore, the Court grants the Chandlers' motion to strike.

20    **IV. ORDER**

21    Therefore, it is hereby **ORDERED** that the Chandlers' motion to dismiss (Dkt.

22  25), Erdelbrock's motion to dismiss (Dkt. 37), and Lumeria's motion to dismiss (Dkt. 43)

1 | are **GRANTED in part** and **DENIED in part** as stated herein.  The Clerk is directed to

2 | terminate Mrs. Chandler and Erdelbrock.  Bury shall file an amended complaint

3 | consistent with this opinion no later than November 16, 2012.

4 | Dated this 1st day of November, 2012.

_____
BENJAMIN H. SETTLE
United States District Judge